**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENNY RAY BROWN,<br><br>    Plaintiff,<br><br>GAIL LEWIS, WARDEN, et al.,<br><br>    Defendants. | 1:03-CV-06542-0WW-TAG P<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM (Doc. 1)<br><br>ORDER FOR PLAINTIFF TO FILE AMENDED COMPLAINT<br><br>ORDER DIRECTING CLERK TO MAIL PLAINTIFF A NEW COMPLAINT FORM |

Plaintiff Benny Ray Brown ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 6, 2003. (Doc. 1).

A.    <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's Complaint

This action involves four separate instances in which various defendants allegedly conspired to arrest plaintiff on fabricated criminal charges. Plaintiff names the following individuals as defendants: Kern County prosecutors Garrett Hamilton, Jim Rogers, and John Vlasic; Bakersfield police officers Carrusco, and Harry Scott; police informant Aaron Gooden; Kern County public defenders Mark Armindo, Konrad Moore, and Tony Heider; and Kern County Superior Court judges Lee Felice, Gary Friedman, and Collette Humphrey. (Doc. 1, pp. 1, 3). Plaintiff seeks the following types of relief: (1) compensatory damages for being wrongfully sentenced to twenty-five years to life; (2) $5 million in punitive damages; (3) a protective order against the Bakersfield Police Department and the Kern County Sheriff's Department; and (4) the filing of criminal charges against the defendants. (Doc. 1, p. 3).

### C. Section 1983 Claims

#### 1. Claim One: The April 28, 2001 Arrest ("Witness Intimidation").

Plaintiff alleges that defendants and prosecutors Hamilton and Rogers falsely charged plaintiff with a violation of California Penal Code § 136(a)(1) and (c)(1) (intimidation of a witness), based on the contrived statement of a paid informant, defendant Aaron Gooden. (Doc. 1, Attach., p. 2). Plaintiff alleges that the named defendants paid defendant Gooden $10,000, to falsely attest that plaintiff made a threat against him in an effort to persuade Gooden to change his testimony against plaintiff's nephew in a murder prosecution. (Id.). The claim also alleges that defendants Hamilton

and Rogers conspired to fabricate a police report in order to obtain a conviction against plaintiff, who was a "three strikes" candidate. (Id. at p. 3). The claim further alleges that public defender Mark Armido[1] conspired with prosecutor Hamilton, resulting in an offer to plaintiff of a four-year sentence instead of a twenty-five year sentence. (Id. at p. 5). The complaint does not indicate whether plaintiff was ultimately convicted of the allegedly fraudulent charges. Plaintiff does allege that defendants' false imprisonment of plaintiff violated his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Id. at pp. 4-6).

### 2. Claim Two: The 2002 Arrest for Possession for Sale and Resisting Arrest.

Plaintiff alleges that on an unspecified date in 2002, defendant Carusco, a Bakersfield police officer, acting in concert with defendant Hamilton, orchestrated plaintiff's arrest without probable cause on a charge of possession for sale of drugs. (Id. at p. 7). Plaintiff further alleges that, once in custody, he was arraigned not on a charge of possession for sale but for resisting arrest (Cal. Penal Code § 148). (Id. at p. 7). Again, plaintiff does not indicate whether he was convicted, but he does allege that he was put in jail as a result of defendants' actions and that defendants "knew or should of known" that their actions violated plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights. (Id. at p. 8).

### 3. Claim Three: The January 7, 2003, Arrest for Gang Activities, Possession of Firearms, And Assault with a Deadly Weapon.

Plaintiff alleges that he was falsely arrested on assault and weapons charges, and that, although the charges were ultimately dismissed, plaintiff spent thirty-one days in jail as a result of the allegedly false charges. (Id. at p. 10). Plaintiff alleges that the individuals who arrested and jailed him are unknown members of the Bakersfield Police Department. (Id.). Plaintiff alleges violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments as a result of these actions. (Id.).

///

---

[1] In the caption to his complaint, plaintiff names public defender "Mark Ramindo". Later, plaintiff refers to a public defender "Mark Armido" (Do.c 1, attach. p. 5), a public defender "Mark Arnold" (Doc. 1, attach. p. 14), as well as "Mark Armindo". (Doc. 1, proof of service). It is unclear whether plaintiff is referring to four separate individuals or if these are simply misspellings of a single individual's name.

        4. <u>Claim Four: False Arrest For Burglary and Conduct from September 2-16, 2003</u>.

Plaintiff alleges that about "20 car loads" of Bakersfield police officers came to his residence on September 2, 2003, purportedly after being called there by his mother who reported a disturbance. (<u>Id</u>. at 12). Thereafter, Bakersfield police officers harassed plaintiff by driving by his house, shining lights at him, constantly watching him, and trying to scare him. (<u>Id</u>.). On September 12, 2003, plaintiff was arrested for burglary and jailed. (<u>Id</u>. at p. 13). On September 16, 2003, plaintiff was offered a ninety-day sentence to which he agreed to plead guilty. (<u>Id</u>.) Plaintiff alleges that he took the plea bargain only because "of the time offer opposed to fighting the case." (<u>Id</u>.).

Plaintiff was then interrogated about another burglary in Bakersfield. (<u>Id</u>.). Defendant Scott and his partner told plaintiff they had taken some fingerprints from the burglary scene and wanted plaintiff to give a set of print exemplars for comparison. (<u>Id</u>.). Plaintiff complied, and two days later was arraigned for burglary. (<u>Id</u>. at 14). Plaintiff asked public defenders Tony Heider and Mark Arnold[2] to meet with him about the case and to provide him with his "file". (<u>Id</u>.). However, Heider and Arnold failed to comply and later supplied plaintiff with another public defender, Mark Armindo[3], who conspired with the prosecutor to "falsely place" plaintiff in prison through use of a fabricated plea bargain. (<u>Id</u>.).

Plaintiff alleges that, regarding the same charge, Detective Harry Scott of the Bakersfield Police Department, and an unidentified "partner" for Scott, fabricated police reports, testimony, and a probable cause declaration in order to arrest plaintiff for burglary. (<u>Id</u>. at p. 21). Plaintiff alleges that Scott falsified reports to implicate plaintiff by misrepresenting that plaintiff's fingerprints were found at the scene of the burglary. (<u>Id</u>.). Plaintiff claims that Superior Court judges Lee Felice, Gary Freidman, and Collette Humphrey, as well as his public defenders, and prosecutor Vlasic, conspired with Scott because they "knew or should have known" that the evidence and charges were false. (<u>Id</u>. at pp. 17, 21). Plaintiff alleges these actions were in violation of his Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (<u>Id</u>. at pp. 20-21).

---

[2]See fn. 1.

[3]See fn. 1.

D.  *Discussion*.

1. <u>Plaintiff's Claims Based On His Arrests For Witness Intimidation (Claim One), Resisting Arrest (Claim Two), and Assault and Firearms Charges (Claim Three) Must Be Dismissed For Failure To State A Claim</u>.

In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege specific facts to support the existence of a conspiracy among the defendants." <u>Buckey v. County of Los Angeles</u>, 986 F. 2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  <u>Sykes v. State of California</u>, 497 F.2d 197, 200 (9th Cir. 1974).  In order to state a cognizable claim for relief for conspiracy, plaintiff must establish that defendants conspired to violate an underlying constitutional right.

In each of plaintiff's first three claims, he states a legal conclusion that various defendants engaged in a conspiracy to deprive him of his constitutional rights.  However, plaintiff provides notice or facts regarding how those individuals conspired to deprive him of his rights.  The mere fact that prosecutors, judges, public defenders, and police officers are involved in a judicial process that results in plaintiff's arrest or even his conviction does not, without more, establish a conspiracy to deny plaintiff his constitutional rights.

Plaintiff also maintains that the charges involved in each of the three claims were fabricated and false.  Plaintiff's complaint provides insufficient notice or facts to support these conclusory statements other than his own protestation of innocence.  In the context of this complaint, plaintiff must allege facts that, if proven, would provide notice of a conspiracy to falsely charge and convict him of crimes he did not commit.

Plaintiff will be given an opportunity to amend his complaint to comply with these pleading requirements. If plaintiff chooses to amend the complaint, plaintiff must demonstrate *how* the conditions complained of resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### 2. Plaintiff's Claim Based On His Arrest For Burglary (Claim Four) Is Not Cognizable And Cannot Be Pursued In This Action Until His Conviction Has Been Reversed In Another Proceeding.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a civil rights action for damages may not be asserted if a judgment in the plaintiff's favor would "necessarily imply the invalidity" of a conviction or sentence which remains outstanding against the plaintiff. Heck v. Humphrey, 512 U.S. at 486-487. This holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages. See Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 1589 (1997). Accordingly, in order to obtain relief for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 487; Edwards, 117 S.Ct. at 1589.

Plaintiff's Fourth Claim legally and factually mirrors the claim raised in his habeas corpus petition in Case No. 1:04-cv-05134-REC-TAG. Relief on the Fourth Claim in this case, which, like his habeas corpus petition, is premised upon a conspiracy to falsely imprison and convict plaintiff for burglary, would "necessarily imply the invalidity" of that conviction. Therefore, plaintiff must first resolve that claim in his habeas corpus proceeding before raising it in a claim for relief under 42 U.S.C. § 1983. Edwards, 117 S.Ct. at 1589. Accordingly, plaintiff's Fourth Claim is not legally cognizable at this time and must be dismissed without prejudice until such time as plaintiff can

establish that his burglary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 487; Edwards, 117 S.Ct. at 1589. Should plaintiff include this claim in an amended complaint, the Court will recommend to the district court that the claim be dismissed as not legally cognizable.

### 3. Problems With Named Defendants.

As mentioned, there must be an affirmative link or connection between each defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362. Here, the complaint states no claim whatsoever regarding defendant Konrad Moore. If plaintiff chooses to file an amended complaint, he must either omit Moore as a defendant or allege in the new claims some facts that affirmatively link Moore to some claimed deprivation of a federal right.[4]

Additionally, should plaintiff choose to file an amended complaint naming as defendant a superior court judge whose actions as a judge are the basis for liability, plaintiff should be aware that judges are immune from damages actions for judicial acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988); Imbler v. Pachtman, 424 U.S. 409, 418 (1976). If, for example, plaintiff files an amended complaint alleging that a sitting judge violated plaintiff's rights by making rulings in a controversy, such a claim would be attempting to assert a claim against a party who enjoys immunity; therefore, in all likelihood the Court would dismiss such a claim.

///

---

[4] The Court will also screen any amended complaint to determine if the various individuals referred to in footnote one are properly named and, if so, whether sufficient allegations have been included in the amended complaint to permit those claims to go forward.

Moreover, a state prosecutor "is entitled to absolute immunity from liability under section 1983 for violating a person's federal constitutional rights when he or she engages in activities 'intimately associated with the judicial phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028, (9th Cir. 2003); Ceballos v. Garcetti, 361 F.3d 1168, 1183 (9th Cir. 2004). Actions for which there is absolute immunity include, for example, preparing and filing an information and a motion for an arrest warrant, Kalina v. Fletcher, 522 U.S. 118 (1997), initiating a prosecution, Imbler v. Pachtman, 424 U.S. at 430, and withholding evidence during trial. Id. at 431-431, n. 34.

Should plaintiff choose to file an amended complaint naming prosecutors as defendants and alleging that prosecutors violated plaintiff's constitutional rights during such judicial proceedings as preparing and filing complaints, initiating a prosecution, or presenting or withholding evidence at trial, such a complaint is likely to be dismissed because the defendants are immune from liability.

Similarly, public defenders do not act under color of state law for purposes of § 1983 when they perform a lawyer's traditional role as counsel to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Thus, should plaintiff file an amended complaint, any claims for § 1983 liability premised upon the conduct of public defenders in representing plaintiff in a criminal prosecution would likely be dismissed. Id.

Finally, police officers are entitled to qualified immunity when they engage in a course of conduct that a reasonable officer could have believed was lawful. Anderson v. Creighton, 483 U.S. 635, 638-639 (1987). In determining this issue, the Court would apply a two-part analysis: (1) was the law governing the officer's conduct clearly established?, and (2) under the law, could a reasonable officer have believed the conduct was lawful? Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir. 1993). Should plaintiff choose to file an amended complaint, the Court will conduct an

initial review of the sufficiency of the allegations in the amended complaint. In the course of that review, the Court will have to determine whether plaintiff has alleged sufficient specific facts regarding defendant police officers to negate any claim of qualified immunity that might be raised by those defendants. Thus, should plaintiff choose to file an amended complaint naming police officers as defendants, plaintiff must allege facts that, if proven, would establish that the law governing the officers' conduct was clearly established and that no reasonable police officer would have believed that his conduct toward plaintiff was lawful. Id. at 871.

    D. Conclusion.

The Court finds that plaintiff's complaint does not contain any claims upon which relief may be granted under § 1983 against any of the named defendants. The Court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order.

Plaintiff is advised that Rule 15-220 of the Local Rules of the United States District Court of the Eastern District of California requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

///

///

///

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Complaint (Doc. 1) is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and with thirty (30) days leave to amend;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this Order, plaintiff must file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order and within thirty (30) days from the date of service of this Order, the Court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:      May 5, 2005                            /s/ Theresa A. Goldner**
j6eb3d                                  UNITED STATES MAGISTRATE JUDGE